No. 03-3534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

MAR 0 1 2004

LEONARD GREEN, Clerk

ETHAN SPIER, )
)
    Plaintiff-Appellant, )
)
v. )
)   O R D E R
DONALD ELSAESSER, )
)
    Defendant-Appellee. )
)

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: ROGERS and COOK, Circuit Judges; SCHWARZER, District Judge.[*]

    Ethan Spier, a Pennsylvania resident, appeals the district court order granting judgment to the defendant in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Seeking compensatory damages, punitive damages, and attorney's fees, Spier sued Cincinnati, Ohio, police officer Donald Elsaesser in his individual capacity. Spier alleged that Elsaesser violated his First Amendment right to free speech when he arrested Spier during a rally in downtown Cincinnati. Elsaesser arrested Spier after Spier led a group in the chant: "Two, four, six, eight, fuck the police state." The parties consented to try the case before the magistrate judge. The magistrate judge entered judgment for Elsaesser. The court held that Elsaesser had violated Spier's First Amendment rights by arresting him, but that Elsaesser was entitled to qualified immunity because a reasonable officer in Elsaesser's position could fail to realize that the arrest would violate Spier's rights.

---

[*]The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

On appeal, Spier argues that: (1) Elsaesser waived the qualified immunity defense by failing to exercise due diligence in developing the defense; and (2) Elsaesser was not entitled to the qualified immunity defense because the law was clearly established at the time of the challenged conduct.

We review the district court's findings of fact for clear error, and the court's conclusions of law de novo. *See* Fed. R. Civ. P. 52(a); *Burzynski v. Cohen*, 264 F.3d 611, 616 (6th Cir. 2001). Clear error may be found only where the reviewing court is convinced that a mistake has been committed. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

Upon review, we affirm the district court's decision. To determine whether a defendant is entitled to qualified immunity, a court must decide: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged are sufficient to show a violation of the Constitution; and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The district court held that Elsaesser had violated Spier's First Amendment rights because Spier was engaged in protected speech and his chant did not present a clear and present danger of any violent reaction by the crowd. *See City of Houston v. Hill*, 482 U.S. 451, 461 (1987); *Hess v. Indiana*, 414 U.S. 105, 107 (1973). Elsaesser does not challenge this conclusion on appeal, so the only issue remaining is whether it would be clear to a reasonable officer in Elsaesser's situation that his conduct was unlawful. *See Saucier*, 533 U.S. at 202.

The district court properly held that Elsaesser was entitled to qualified immunity. The TransAtlantic Business Dialogue met in Cincinnati from November 16 through November 18, 2000. The conference drew protestors, as had similar meetings in other cities. Spier attended a rally at Fountain Square in downtown Cincinnati on November 18, 2000. The Cincinnati Police Department surrounded the square with barricades which left only one controlled entrance and exit. People who wanted to enter the area were subjected to pat-down searches and searches of their possessions. Spier and others objected to the searches. The police told Spier to either submit to the search or walk away. Spier first began to chant, "This is what a police state looks like."

A short time later, he began a new chant: "Two, four, six, eight, fuck the police state." Spier encouraged others to join in the chant and walk around in a circle. Elsaesser testified that he thought that Spier was trying to rile up the crowd, that an unruly crowd could lead to a mob, and that a mob could cause property damage and injuries. Elsaesser was aware that protesters had become violent at rallies in other cities and in Cincinnati the day before. He asked his sergeant for permission to arrest Spier and permission was granted. Elsaesser arrested Spier without incident on the charge of disorderly conduct. The case went to trial, and the charge was dismissed after Spier's attorney moved for a directed verdict at the close of the prosecution's evidence.

The district court's factual findings are not clearly erroneous and the court's legal conclusions are proper. The district court found that, although the crowd was not disorderly at the time of Spier's arrest, a reasonable officer under the circumstances could have reached a different conclusion. *See Saucier*, 533 U.S. at 202. Elsaesser faced a situation that he reasonably believed could have escalated into violence. Aware that protests in other cities and in Cincinnati the previous day had resulted in damage and injuries, he sought permission from his superior to arrest Spier because he was leading the chant. In these circumstances, Elsaesser was not plainly incompetent and did not knowingly violate the law. *See Sova v. City of Mount Pleasant*, 142 F.3d 898, 902 (6th Cir. 1998). The district court properly held that he was entitled to qualified immunity.

Spier's argument that Elsaesser waived the defense of qualified immunity is without merit. Elsaesser pleaded qualified immunity in his answer to Spier's complaint and raised it again in his closing argument. The district court did not abuse its discretion when the court failed to find a waiver. *See English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994).

For the foregoing reasons, we affirm the district court's judgment.

ENTERED BY ORDER OF THE COURT

_____
Clerk